```
                  UNITED STATES DISTRICT COURT
                            FOR THE
                       DISTRICT OF VERMONT
```

Steve Merrill and Ray        :
Hamel,                       :
    Plaintiffs,       :
                              :
    v.                       :    File No. 1:08-CV-99
                              :
Village of North Troy,       :
North Troy Village Board     :
of Trustees, Bob Bishop,     :
Jim Starr, and Chris         :
Choquette,                   :
    Defendants.       :

## OPINION AND ORDER
### (Papers 15, 36, 37 and 38)

Plaintiffs Steve Merrill and Ray Hamel, each proceeding *pro se*, bring this action alleging that the Trustees of the Village of North Troy have acted unlawfully.  The case was initially filed in state court, and was removed by the defendants when the amended complaint raised federal constitutional claims.

The defendants now move to dismiss, arguing that under Vermont law the proper defendant is the Village itself.  The defendants have also moved for dismissal on the ground that the plaintiffs failed to file a more definite statement of claims within the time period required by the Court.  Most recently, the plaintiffs moved to remand the case to state court and for appointment of counsel.

## Factual Background

The defendants in this case include the elected Trustees of the Village of North Troy, Vermont.  The plaintiffs' initial

complaint accused the Trustees of various legal violations, ranging from favoritism in the collection of hydrant fees to perjury for violating their oaths of office.  The amended complaint adds the Village of North Troy as a defendant, and accuses the Trustees of violating the Equal Protection Clause "in that they failed to treat all residents fairly, granting special favors and tax abatements to some residents and not others." (Paper 20 at 1).

With respect to the injuries suffered, the plaintiffs allege that because the Village has not collected all revenues to which it is due, residents have had to pay more in taxes.  The plaintiffs also complain that they have not been granted the same abatements as others in the Village.  For relief, the plaintiffs seek an order requiring the Trustees to stop their unlawful activities, and to provide "any and all public documents in their possession and control, and to order the certification of such documents by the Village Clerk."  Id. at 2.

## Procedural Background

The plaintiffs initiated this case in state court on February 13, 2008.  On March 7, 2008, the defendants moved to dismiss the complaint on the ground that 24 V.S.A. § 901(a) requires an action such as this to be brought against the Village of North Troy, and not its officers.  On March 31, 2008, the plaintiffs moved to amend their complaint to, *inter alia*, add the

Village of North Troy as a defendant.  As noted above, the amended complaint alleges federal constitutional violations.

The defendants filed a notice of removal on April 29, 2008, citing the newly-raised constitutional claims as the basis for removal.  On August 12, 2008, this Court granted the defendants' motion for a more definite statement.  The Court also granted the plaintiffs' motion for an extension of time in which to file an amended complaint.  In their motion, the plaintiffs reported to the Court that they were awaiting the production of certain documents from the defendants.  Accordingly, the Court granted the plaintiffs 30 days from the date such documents were received to amend their complaint.

On September 9, 2008, the Court received a discovery certificate indicating that responses to the plaintiffs' request for production of documents had been served.  On October 21, 2008, the Court issued an order requiring the plaintiffs to show cause why an amended complaint had not yet been filed.  The plaintiffs responded with a motion to compel, claiming that some of the requested documents had not yet been produced.

The defendants have filed an opposition to the motion to compel and a request for attorneys fees.  They have also moved to dismiss, arguing that the plaintiffs failed to show cause as required by the Court.  In response to the defendants' motions, the plaintiffs have moved to withdraw their motion to compel.

They have also moved to remand the case to state court and for court-appointed counsel.

## Discussion

I. Proper Defendant

The defendants' first motion to dismiss, filed in state court, asserted that the Village was the only proper defendant in this case. Title 24 of the Vermont Statutes, in a section entitled "Actions by or against town officials," requires that "[w]here an action is given to any appointed or elected municipal officer . . . , the action shall be brought in the name of the town in which the officer serves . . . . If the action is given against such officers, it shall be brought against such town . . . ." 24 V.S.A. § 901(a). Although the language of § 901 only refers to towns, the Vermont legislature has declared that "the laws applicable to the inhabitants and officers of towns shall be applicable to the inhabitants and similar officers of all municipal corporations." 1 V.S.A. § 139; see Holmberg v. Brent, 161 Vt. 153, 155 (1993). The Village of North Troy is an incorporated village, see 24 V.S.A. App. Ch. 253, and as such is a "municipality" under 1 V.S.A. § 126. Consequently, the Trustees are "municipal officers," and § 901 applies.

The plaintiffs have not specifically opposed the defendants' § 901 argument. The Court notes that, pursuant to the Holmberg decision, it could be argued that 24 V.S.A. § 1313 trumps § 901.

4

161 Vt. at 156 (holding that § 1313 governed suit against fire chief). Section 1313 would provide the Village the right to vote on whether the defendants should be indemnified, but would apply only if the defendants were both "municipal officers" under § 901(a) and "duly appointed public officers" under § 1313.

The Trustees are elected, and not appointed, officers. See 24 V.S.A. § 1304. Section 901 expressly applies to both "an elected or appointed municipal officer," while § 1313 applies only to "duly appointed" officers. Consequently, the Court finds that § 901(a) governs this case. Because § 901(a) requires that the action against the Trustees be brought solely against the Village of North Troy, the motion to dismiss (Paper 15) is GRANTED and defendants North Troy Village Board of Trustees, Bob Bishop, Jim Starr and Chris Choquette are DISMISSED as parties.

II. Motion to Compel

As discussed above, the plaintiffs informed the Court that they were unable to file an amended complaint before certain documents were produced. On October 30, 2008, they filed a motion to compel those documents. The defendants responded that they had supplemented their discovery responses as recently as October 24, 2008, but had not heard from the plaintiffs as to whether the latest response was satisfactory. The defendants have also requested attorney's fees due to the plaintiffs'

alleged failure to confer in good faith as required under the Local Rules.

In their latest filing (Paper 38), the plaintiffs state that they wish to "drop" the motion to compel. The motion (Paper 36) will therefore be considered WITHDRAWN. As to the matter of attorneys fees, the plaintiffs have submitted copies of letters sent to opposing counsel. It is clear from these letters that the plaintiffs initially made efforts to resolve their disputes amicably. While one more correspondence with respect to the defendants' last production effort would have been appropriate, the plaintiffs appear to claim that their motion and the defendants' last response "crossed in the mail." (Paper 38 at 1). Consequently, the Court will not sanction the plaintiffs for their alleged shortcoming, and the motion for attorney's fees (Paper 37) is DENIED.

III. <u>Motion to Remand</u>

The plaintiffs have moved to remand the case to state court. Federal law requires that a motion to remand be made within 30 days after the filing of the notice of removal when the motion is based on a defect other than lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). Here, the motion to remand was made nearly seven months after removal. The motion also confirms the Court's subject matter jurisdiction, specifically referencing the

plaintiffs' federal constitutional claims.  The motion to remand
(Paper 38) is, therefore, DENIED as untimely.

IV.  Appointment of Counsel

In addition to remand, the plaintiffs ask the court to
appoint counsel.  As an initial matter, this motion may only
apply to plaintiff Ray Hamel since the state court denied
plaintiff Steve Merrill's motion to proceed *in forma pauperis.*
(Paper 8).  Even in Hamel's case, the state court found that
while he was financially needy, he had the ability to pay for the
costs of service.  (Paper 9).  The plaintiffs' status as
indigents is, therefore, questionable.

Even assuming indigency, however, appointment of counsel is
not warranted at this time.  Under 28 U.S.C. 1915(e), the Court
may appoint counsel to assist an indigent litigant.  See, e.g.,
Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865
F.2d 22, 23 (2d Cir. 1988).  Assignment of counsel in this matter
is within the Court's discretion.  In re Martin-Trigona, 737 F.2d
1254 (2d Cir. 1984).  "In deciding whether to appoint counsel, .
. . the district [court] should first determine whether the
indigent's position seems likely to be of substance."  Hodge v.
Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied,
502 U.S. 986 (1991).  When this threshold requirement is
satisfied, the remaining factors to be considered include:
whether the indigent is able to investigate the crucial facts

7

concerning his claim; whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; whether the legal issues involved are complex; and whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997); see also Hodge, 802 F.2d at 61-62.

In this case, the defendants and the Court are still seeking a definite statement of claims. With no such statement, and no response from the defendants with respect to the validity of those claims, it is difficult to assess whether the amended complaint will have any merit. Having failed to clear the initial merits threshold, the motion for appointment of counsel (Paper 38) is DENIED without prejudice.

V. Motion to Dismiss For Failure to Show Cause

The final pending motion is the defendants' motion to dismiss based upon the plaintiffs' failure to show cause as required in the Court's October 21, 2008 order. While the plaintiffs have not framed their discussions as a cause argument, they have plainly expressed their view that they cannot file a properly-amended complaint without first accessing certain documents. The Court takes no position as to whether this view is justified, but acknowledges the plaintiffs' *pro se* status and

the possibility that they believed their explanation to be sufficient.

Regardless of what the plaintiffs may have believed previously, they are now warned that when the Court issues an order, that order must be complied with.  Specifically, when the Court sets a deadline and requires that a certain action be taken, it expects those requirements to be met.

Going forward, there is no indication that the plaintiffs require additional document production.  It is therefore ORDERED that the plaintiffs must file an amended complaint within 20 days.  If an amended complaint is not filed within this time period, the plaintiffs shall move for an enlargement of time and specify the precise reasons why additional time is required.  The motion for enlargement of time, if necessary, shall be filed prior to the expiration of the 20-day deadline.  If the plaintiffs fail to file either an amended complaint or a motion for enlargement of time in a timely manner, their complaint may be DISMISSED.  The defendants' motion to dismiss for failure to show cause (Paper 37) is DENIED without prejudice.

## Conclusion

For the reasons set forth above, the defendants' motion to dismiss defendants North Troy Village Board of Trustees, Bob Bishop, Jim Starr and Chris Choquette (Paper 15) is GRANTED.  The plaintiffs' motion to withdraw (Paper 38) their motion to compel

9

is also GRANTED, and the motion to compel (Paper 36) is considered WITHDRAWN. All other pending motions are DENIED.

Plaintiffs shall file an amended complaint or a motion for enlargement of time <u>on or before January 8, 2009</u>. Failure to comply with this deadline may result in the dismissal of this case.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 19th day of December, 2008.

<u>/s/ J. Garvan Murtha</u><br>
Honorable J. Garvan Murtha<br>
United States District Judge